Ron **CHRISTMON d/b/a Triple "C" Collision Repair Shop, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civil Action No. A.3:99CV151BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 1, 2000.

Bob Owens, Rajita M. Iyer, Owens Law Firm, Jackson, MS, Harry H. Powell, Barry H. Powell, Attorney, Jackson, MS, for plaintiff.

William C. Griffin, Trent L. Walker, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the motion of Defendant for summary judgment. Also before the Court is a request by Plaintiff that the Court defer ruling on the summary judgment motion pending the outcome of additional discovery. The Court construes this as a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for a continuance of the summary judgment motion. The Court has considered both motions and the responses and finds that the summary judgment motion should be granted and the Rule 56(f) motion should be denied.

### I. Background

Plaintiff filed this lawsuit on January 26, 1999, in the Circuit Court of Hinds County, Mississippi. The case was thereafter removed to this Court. The complaint alleges a violation of Miss.Code Ann. § 83–11–501 and tortious interference with Plaintiff's business relationships.

Defendant Allstate Insurance Company ("Allstate") maintains a "Priority Repair Option" or "PRO" program, whereby it pre-approves certain automobile body repair shops to perform repairs for its insureds. Plaintiff is not a participant in the PRO program. Plaintiff contends that by recommending the limited number of body shops on the PRO list, Allstate steers business away from his body shop. Plaintiff contends that this violates Miss.Code Ann. § 83–11–501, which prohibits insurance companies from requiring that repairs be performed by particular repair shops. Plaintiff also contends that the PRO program tortiously interferes with his business relationships by taking business away from him that he would receive in the absence of the program.

Allstate counters that it does not *require* its insureds to use body shops that partici-

pate in the PRO program. Instead, Allstate asserts, PRO shops are *recommended* to insureds. Allstate contends that the PRO program involves the following aspects, among others: (1) insureds are told that Allstate will guarantee the work of PRO shops because they have been pre-approved, (2) the claims process is streamlined because PRO shops are approved to give estimates and perform repairs without the need for inspection by an Allstate claims adjuster, and (3) Allstate is able to obtain discounts from PRO shops.

Allstate has moved for summary judgment arguing that no evidence exists upon which Plaintiff may maintain his causes of action.

## II. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962). However, "summary judgment should be granted . . . when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir.1994).

## III. Discussion

■ The Court first addresses Plaintiff's request for a continuance of the motion to for summary judgment pending the outcome of additional discovery. "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court . . . how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993). However, the party opposing summary judgment may not obtain the continuance with "vague assertions" that the additional discovery will produce needed facts. *Id.* (citation omitted). He must show that the addition-

al discovery will be more than a mere "fishing expedition." *Id.* at 1443. Plaintiff seems to assert that the additional discovery he seeks may lead to the discovery of Allstate insureds that have been steered away from his, or other, non-PRO body shops in violation of § 83–11–501 and in interference with his business relations. This is just the sort of "fishing expedition" that does not justify a continuance of the summary judgment motion. The Court thus denies Plaintiff's request for a continuance and proceeds to rule upon the summary judgment motion.

■ Plaintiff first alleges that the PRO program violates Miss.Code Ann. § 83–11–501 by impermissibly steering insureds away from body shops that are not on the PRO list.[1] That statute states that "[n]o insurer may *require as a condition of payment of a claim* that repairs to a damaged vehicle … must be made by a particular contractor or motor vehicle repair shop …." The Court first notes that when the language of a statute is unambiguous, the Court must apply the statute according to its plain meaning. *Harrison County Sch. Dist. v. Long Beach Sch. Dist.,* 700 So.2d 286, 288–89 (Miss.1997). There is nothing about the language of § 83–11–501 that is ambiguous. The plain meaning of the language of that statute makes it clear that it is violated only if an insurance company refuses to pay for repairs to an automobile unless those repairs are made by "a particular contractor or motor vehicle repair shop." *See Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.,* 848 F.Supp. 1276, 1287 (S.D.Miss.1994).

Plaintiff has presented absolutely no evidence that Allstate, or any of its agents, through the PRO program, has *required* its insureds to have repairs done at particular body shops. The evidence clearly establishes that Allstate agents do *recommend* that repairs be made by PRO shops.

However, the Plaintiff's own witnesses testified that, even though Allstate agents strongly recommended that repairs be made by a PRO shop, Allstate never refused to pay for repairs done by Plaintiff, even though Plaintiff's repair shop is not a PRO shop. The Court thus finds that Defendant is entitled to summary judgment on Plaintiff's § 83–11–501 claim.

■ Plaintiff's only other allegation is that, by implementing the PRO program, Allstate has tortiously interfered with his prospective business relations. Under Mississippi law, in order to maintain a cause of action for tortious interference with business relations, the plaintiff must prove the following elements:

1. the [defendant's] acts were intentional and willful;

2. the [defendant's] acts were calculated to cause damage to the plaintiff[ ] in [his] lawful business;

3. the [defendant's] acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on part of the defendant (which constitutes malice);

4. actual damage and loss resulted.

*Freeman v. Huseman Oil Int'l, Inc.,* 717 So.2d 742, 744 (Miss.1998).

■ Plaintiff has failed to produce sufficient evidence to maintain his tortious interference cause of action. Although the actions of Allstate in establishing the PRO program were clearly intentional, Plaintiff has no evidence that the program was calculated or intended to cause damage to his business, or the business of anyone similarly situated. In fact, Plaintiff has failed to refute evidence presented by Allstate that it had a lawful purpose in establishing the program. That is, Allstate has produced evidence that the purposes of the program include streamlining the claims

---

[1]. The express language of the statute does not provide for a private cause of action in the case of a violation. However, this Court, through Judge Henry T. Wingate, has previously addressed the statute as if it did provide for a private cause of action. *Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.,* 848 F.Supp. 1276, 1287 (S.D.Miss.1994). Accordingly, the Court assumes, for purposes of the present motion, that Plaintiff could maintain a private cause of action under § 83–11–501 if he could prove a violation.

process and obtaining discounts for insureds, each of which benefit its insureds. Furthermore, Plaintiff admits that he has never attempted to participate in the PRO program and does not contend that, if he attempted to do so, he would be denied the opportunity to participate. Although the parties dispute whether Plaintiff has produced sufficient evidence of actual damages, the Court finds that Plaintiff does not have sufficient evidence on any other element of the claim to avoid summary judgment.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the motion of Defendant Allstate Insurance Company for summary judgment is hereby granted.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate final judgment dismissing Plaintiff's claims will be entered this day.