Curtis L. **ADDISON**, Jr. d/b/a Addison Auto Body Repair, Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,** an Illinois Corporation, Defendant.

No. Civ.A. 3:99CV150LN.

United States District Court, S.D. Mississippi, Jackson Division.

March 20, 2000.

---

Bob Owens, Rajita M. Iyler, Owens Law Firm, Jackson, MS, Barry H. Powell, Attorney, Jackson, MS, for plaintiff.

William C. Griffin, Trent L. Walker, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Allstate Insurance Company (Allstate), an Illinois Corporation, for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff Curtis L. Addison, Jr. d/b/a Addison Auto Body Repair (Addison) has responded in opposition to the motion and has also moved the court, pursuant to Rule 56(f), to defer ruling on defendant's summary judgment motion until plaintiff's pending motions to compel have been resolved and additional discovery has been obtained. The court, having considered the memoranda and submissions of the parties, concludes that defendant's summary judgment motion is well taken and should be granted and that plaintiff's Rule 56(f) motion is not well taken and should be denied.[1]

As noted in the court's June 3, 1999 opinion, plaintiff, a Mississippi resident, filed this action on January 26, 1999 against Allstate and Dennis Dyse, an Allstate adjuster, in the Circuit Court of Hinds County, Mississippi asserting claims for tortious interference with business relations and violation of Miss.Code Ann. § 83–11–501 (Supp.1998).[2] Defendants timely removed the case to this court on the basis of diversity jurisdiction, arguing that Dyse had been fraudulently joined. Plaintiff then moved for remand, while Dyse moved for dismissal for failure to state a claim. The court denied plaintiff's remand motion, but granted Dyse's motion to dismiss. Thereafter, on January 18, 2000, Allstate filed the instant motion for summary judgment, asserting that it is entitled to judgment as a matter of law since plaintiff has failed to raise a genuine issue as to any material fact with regard to either of his claims.

In his complaint, plaintiff alleges that Allstate, through its adjusters, implement-

---

1. Defendant has also filed an application for review of the magistrate judge's ruling compelling it to comply with plaintiff's discovery request. However, in light of the court's ruling on defendant's summary judgment motion, the application for review is moot and needs no further consideration.

2. Miss.Code Ann. § 83–11–501 provides, in pertinent part, that "[n]o insurer may require as a condition of payment of a claim that repairs to a damaged vehicle ... must be made by a particular contractor or motor vehicle repair shop...."

ed a "steering policy" that has "the purpose and effect of requiring a large percentage of its customers to utilize repair shops selected by Allstate...." Plaintiff contends that for years, he has operated an auto body repair shop which receives a significant portion of its income from body repair work paid for by insurance companies, such as Allstate, pursuant to collision and comprehensive insurance coverage. He alleges that because of Allstate's priority repair option (PRO) program, according to which Allstate pre-approves and recommends certain body shops to perform repairs for its insureds, plaintiff, who is not a participant, has suffered and will continue to suffer a loss of business income. Allstate argues that plaintiff's claim for violation of Miss.Code Ann. § 83–11–501 fails as a matter of law because Allstate does not require as a condition of payment that repairs to damaged vehicles be made at particular repair shops.[3] Defendant further argues that plaintiff's claim for tortious interference with business relations similarly fails as a matter of law because plaintiff has neither adequately alleged damages nor demonstrated that Allstate's actions were calculated to harm his business.

Having carefully reviewed the record, as well as the opinion recently issued by Judge Barbour in *Christmon d/b/a Triple "C" Collision Repair Shop v. Allstate Ins.*

Co., 82 F.Supp.2d 612 (S.D.Miss. 2000), a case nearly factually identical to the one before the court, the court concludes both that plaintiff has failed to raise a genuine issue as to any material fact regarding either of his claims and that additional discovery pertaining to customers who may have been "diverted by Allstate" will not enable him to do so.

■ As to plaintiff's allegation that Allstate has violated § 83–11–501, plaintiff has presented no evidence suggesting that Allstate or any of its agents has *conditioned payment* of a claim upon the utilization of the body shops participating in its PRO program. To the contrary, plaintiff's own witnesses have attested to the fact that while Allstate agents may have *recommended* certain participating body shops, Allstate has not conditioned payment upon having the PRO shops make the repairs to the insured's vehicles. In fact, the affidavit testimony of plaintiff's witnesses reveals that Allstate has actually paid plaintiff to make necessary repairs for Allstate insureds who choose to have their vehicles repaired at his shop. Thus, considering that the statute unambiguously forbids only the *conditioning of payment* upon the selection of certain body repair shops, not the steering of insureds toward certain shops, plaintiff has failed to present evidence sufficient to withstand defendant's summary judgment motion.[4]

---

**3.** According to Allstate, it

does not require its insureds to take their cars to PRO shops. When an Allstate insured files a claim for damage to her vehicle, she is made aware of the PRO program and asked whether she would be interested in having her vehicle inspected and repaired by a PRO shop. If she declines, she is given the information needed to obtain a drive-in estimate performed by an Allstate employee. Allstate's policies forbid its employees from forcing the PRO program on any insured who has already taken her automobile to a non-PRO shop of her choice, or who expresses a preference for a non-PRO shop.

**4.** In *Christmon,* 82 F.Supp.2d at 614, Judge Barbour observed that Miss.Code Ann. § 83–11–501 states,

"No insurer may *require as a condition of payment of a claim* that repairs to a damaged vehicle ... must be made by a particular contractor or motor vehicle repair shop...." The Court first notes that when the language of a statute is unambiguous, the Court must apply the statute according to the plain meaning. *Harrison County Sch. Dist. v. Long Beach Sch. Dist.,* 700 So.2d 286, 288–89 (Miss.1997). There is nothing about the language of § 83–11–501 that is ambiguous. The plain meaning of the language of that statute makes it clear that it is violated only if an insurance company refuses to pay for repairs to an automobile unless those repairs are made by "a particular contractor or motor vehicle repair shop."

■ Turning to plaintiff's tortious interference claim, the court similarly concludes that plaintiff has failed to raise a genuine issue as to any material fact, so that defendant is entitled to judgment as a matter of law.

> To maintain a claim for tortious interference with business relations under Mississippi law, the plaintiff must prove each of the following elements:
>
> 1. the [defendant's] acts were intentional and willful;
> 2. the [defendant's] acts were calculated to cause damage to the plaintiff[ ] in [his] lawful business;
> 3. the [defendant's] acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on part of the defendant (which constitutes malice);
> 4. actual damage and loss resulted.

*Christmon*, at 615. In the case at bar, plaintiff has failed to present any evidence that defendant's PRO program was calculated to cause damage to his business or that it was established with the unlawful purpose of causing damage and loss with no justifiable cause on behalf of the defendant. Plaintiff has offered nothing more than unsubstantiated, conclusory allegations as to defendant's motive and attempted to persuade the court, with no supporting authority, that intent may be inferred from Allstate's knowledge of the consequences of its program. Allstate, on the other hand, has presented evidence of a legitimate justification for its program through the affidavit of Dan James, an Allstate claims adjuster.[5] Plaintiff has thus failed to adduce evidence sufficient to create a genuine issue of material fact as to the required elements of this claim.

While the court has concluded that plaintiff's evidence is not sufficient to withstand defendant's motion on either of his claims, plaintiff asks that the court continue the summary judgment motion in order to give him an opportunity for discovery. The court rejects this request.

■ As Judge Barbour noted in *Christmon*, " '[t]o obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court . . . how additional discovery will create a genuine issue of material fact.' " 82 F.Supp.2d at 614 (quoting *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)). However, a continuance will not be granted upon mere " 'vague assertions' that the additional discovery will produce needed facts." *Id.* In fact, the party opposing summary judgment "must show that the additional discovery will be more than a mere 'fishing expedition.' " *Id.* In the instant case, plaintiff seeks the identity of customers serviced by Tom Wimberly Nissan for the past three years under Allstate's PRO program, as well as the identities of Allstate's PRO customers in the Jackson area. Plaintiff claims that such information will enable him "to locate persons who have been diverted by Allstate from a repair shop of their choosing to one of Allstate's PRO shops." Plaintiff also has a motion pending to compel compliance by State Farm Mutual Automobile Insurance Com-

---

5. According to James,

[m]any of Allstate's customers elect to have their vehicles repaired by PRO shops because the program offers advantages over drive-in service. Most importantly, because Allstate has separately evaluated and pre-approved every PRO shop, Allstate guarantees that repairs made by any PRO shop are of the quality generally accepted in the automobile repair business. This guarantee is good for the duration of the insured's ownership of the vehicle. Allstate also allows PRO shops to authorize repairs in the absence of an inspection by an Allstate representative. . . . The PRO program improves the quality of service Allstate's customer's enjoy, increases the number of repair options available to customers, decreases the number of complaints Allstate fields relating to poor workmanship, and streamlines the claims process by eliminating the need for Allstate agents to inspect vehicles prior to the initiation of repairs. The program has boosted customer satisfaction among Allstate's insureds.

pany with a Rule 45 subpoena through which he seeks information pertaining to the total number of property damage claims handled by State Farm in the State of Mississippi for the past three years. The purpose of the request, according to plaintiff, is to compare the information obtained from State Farm with similar information provided by Allstate in order to "enable Plaintiff to establish damages by comparing the volume of business he receives that is paid for by Allstate with that paid for by State Farm, compared to their total numbers of claims handled."

The court concludes, however, as did Judge Barbour in *Christmon*, that the information sought by plaintiff constitutes precisely the sort of "fishing expedition" for which the court should refuse to grant a continuance. *See id.* Indeed, plaintiff seeks information regarding the potential *diversion* of Allstate customers to its PRO shops, despite the fact that the statute prohibits only the *conditioning of payment* upon the use of certain body shops. Considering that the evidence offered by plaintiff at this point suggests only that Allstate may have *recommended* its PRO shops, without even the slightest indication that Allstate has ever sought to condition payment upon the use of such shops, the court is unable to conclude that plaintiff's request is anything more than a mere "fishing expedition." The court therefore denies plaintiff's request for a continuance.

Based on the foregoing, then, the court concludes that defendant's motion for summary judgment should be and is hereby granted and that plaintiff's motion for a stay of the court's decision pending resolution of discovery requests is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.