# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-SA-00358-SCT

*OKTIBBEHA COUNTY HOSPITAL*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF HEALTH, MISSISSIPPI STATE UNIVERSITY AND PREMIER RADIOLOGY, P.A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2006 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | CRANE D. KIPP |
| | GEORGE QUINN EVANS |
| ATTORNEYS FOR APPELLEE: | ANDY LOWRY |
| | ALLISON CARTER SIMPSON |
| | THOMAS L. KIRKLAND |
| | DONALD E. EICHER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/17/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The Oktibbeha County Hospital appeals the entry of a final judgment affirming the grant of a certificate of need ("CON") for a magnetic resonance imaging unit to Mississippi State University and Premier Radiology, P.A. This Court is asked to determine whether Miss. Code Ann. § 41-7-191(16)(Rev. 2005) is a legislative mandate, and if so, whether such interpretation complies with certain constitutional provisions.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     On June 1, 2005, the Mississippi State Department of Health received an application for a CON from Mississippi State University and Premier Radiology, P.A., for the acquisition and offering of magnetic resonance imaging (MRI) services pursuant to House Bill 1345, now codified as Miss. Code Ann. § 41-7-191(16)(Rev. 2005).   The application was suspended on August 19 as the State Health Officer submitted a request for an official opinion of the Attorney General's office regarding clarification of the scope of that statute. The Attorney General responded on September 16, 2005, reasoning that § 41-7-191(16) was a mandate to issue the CON to Mississippi State University and did not require compliance with ordinary CON application procedures, including hearings.   Brian W. Amy, M.D., M.H.A., M.P.H., Op. Att'y Gen. 2005-0452 (Sept. 16, 2005).

¶3.     The Department gave public notice on September 26 of its intent to act on the application at its October 6, 2005, meeting. On October 4, 2005, Oktibbeha County Hospital ("OCH") asked the Department for a hearing during the course of review of the application. The Department denied the request as not well taken based on the Attorney General's opinion regarding the scope and mandate of § 41-7-191(16).   The State Health Officer approved the CON application and issued the certificate to Mississippi State University and Premier Radiology, P.A., on October 6, 2005.  OCH timely filed a notice of appeal to the Hinds County Chancery Court pursuant to Miss. Code Ann. § 41-7-201(2)(Rev. 2005).  On January 27, 2006, that court issued its opinion affirming the final order of the Mississippi State Department of Health.  Aggrieved by this ruling, OCH appeals.

2

¶4. Although OCH raises numerous issues on appeal, we need address only the following three: (1) whether Miss. Code Ann. § 41-7-191(16) is a legislative mandate to the Mississippi State Department of Health to issue a CON for Mississippi State University's MRI project; (2) whether Miss. Code Ann. § 47-7-191(16) violates the Mississippi Constitution or the Constitution of the United States; and (3) whether the Department of Health violated its own regulations in issuing the CON without providing for a hearing during the course of review.

## DISCUSSION

### I.

¶5. Judicial review of a final order of the State Department of Health is controlled by Miss. Code Ann. § 41-7-201(2)(f) (Rev. 2005), which provides that a reviewing court may vacate the agency's order if it finds that the final order is based on an error of law, "is not supported by substantial evidence, [or] is contrary to the manifest weight of the evidence." *Singing River Hosp. Sys. v. Biloxi Reg'l Med. Ctr.*, 928 So. 2d 810, 811-12 (Miss. 2006) (quoting *St. Dominic-Jackson Mem'l Hosp. v. Miss. State Dep't of Health*, 728 So. 2d 81, 83 (Miss. 1998)); Miss. Code Ann. § 41-7-201(2)(f)(Rev. 2005). Generally, we afford the Department of Health's decisions great deference on review, however, because the issues here pose questions of law, we conduct a *de novo* review. *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000).

¶6.    The Mississippi Legislature has defined "certificate of need" as:

> a written order of the State Department of Health setting forth the affirmative finding that a proposal in prescribed application form, sufficiently satisfies the plans, standards and criteria prescribed for such service and other project by Section 41-7-171, et. seq., and by rules and regulations promulgated thereunder by the State Department of Health.

Miss. Code Ann. § 41-7-173 (b)(Rev. 2005).

¶7.    At issue here is whether one such regulation promulgated by the State Department of Health requires a CON to issue or simply waives portions of the application process. In order to resolve these issues, we must look first to the text of the statute. The pertinent parts of the statute are as follows:

> The State Department of Health *shall* issue *any* certificates of need necessary for Mississippi State University and a public or private health care provider to jointly acquire and operate a linear accelerator and a magnetic resonance imaging unit.
>
> . . . .
>
> For purposes of this subsection, the projection of need as reported in the current State Health Plan are waived.

Miss. Code Ann. § 41-7-191(16)(Rev. 2005) (emphasis added).

¶8.    OCH argues that the language in the statute is ambiguous and that the first sentence is inconsistent with the last sentence quoted above. OCH suggests using the canons of statutory construction to interpret this statute as allowing only the waiver of certain provisions by Mississippi State University and the private health care provider of their choice. First, we must determine if the statute is ambiguous.

4

¶9. Throughout Miss. Code Ann. § 41-7-191, the Legislature provided for an increase in supplemental medical services through discretionary ("may") and mandatory ("shall") clauses.[1] Discretionary sections of Miss. Code Ann. § 41-7-193(1) are to be applied by the State Department of Health; however, for mandatory provisions, like Miss. Code Ann. § 41-7-191(16), the Legislature has waived the necessity of satisfying "the specifications and criteria established by the State Department of Health"[2] by directing the issuance of a CON.

¶10. By mandating the issuance of "any" CON in Miss. Code Ann. § 41-7-191(16), the Legislature preemptively ordered its issuance without the requirement that the State Department of Health "set[] forth. . . affirmative finding[s]" that "the plans, standards, and criteria prescribed" and "rules and regulations promulgated" by the State Department of Health were sufficiently satisfied. There is no language in this or any other statute which identifies conditions under which the State Department of Health may refuse to issue the certificates of need mentioned in § 41-7-191(16).

¶11. We find no ambiguity in the language of Miss. Code Ann. § 41-7-191(16). Without listing a single exception or qualification, the statute clearly mandates the State Department

---

[1]Subsection (2) outlines numerous such discretionary directives. For example, *see* Miss. Code Ann. § 41-7-191(2)(b) ("[t]he department *may* issue certificates of need in Harrison County to provide skilled nursing home care for Alzheimer's disease patients and other patients, not to exceed one hundred fifty (150) beds.") (emphasis added); Miss. Code Ann. § 41-7-191(2)(c) ("[t]he department *may* issue a certificate of need for the addition to or expansion of any skilled nursing facility that is part of an existing continuing care retirement community located in Madison County. . .") (emphasis added); and Miss. Code Ann. § 41-7-191(2)(f) ("[t]he State Department of Health *may* issue a certificate of need for conversion of a county hospital facility in Itawamba County to a nursing facility . . .") (emphasis added).

[2]Miss. Code Ann. § 41-7-193(1)(Rev. 2005).

of Health to issue the CON. Although the statute singles out "projection of need" for specific waiver, we do not read into the statute the legislative intent to waive nothing else, particularly in light of the statutory language ("The State Department of Health *shall* issue *any* certificates of need necessary . . . .") which clearly mandates issuance of the CON. Thus, there is no reason to engage the principles of statutory construction.

**II.**

¶12.    OCH next contends that if the statute is determined to be a legislative mandate, it violates the Mississippi Constitution and the Constitution of the United States. Specifically, OCH argues that Miss. Code Ann. § 41-7-191(16) is a clear infringement of Article 4, Section 87; Article 3, Section 14 of the Mississippi Constitution of 1890; and the Fourteenth Amendment due process clause of the United States Constitution.

¶13.    The Mississippi State Department of Health counters that OCH is procedurally barred from raising these constitutional issues pursuant to Rule 24(d) of the Mississippi Rules of Civil Procedure. Under that section, where an action seeks to "restrain or enjoin enforcement, operation, or execution of any statute of the State of Mississippi" by challenging the constitutionality, the party asserting the unconstitutionality "shall notify the Attorney General of the State of Mississippi within such time as to afford him [or her] an opportunity to intervene and argue the question of constitutionality." The Department of Health notes that the Attorney General was not notified and, therefore, this defense is procedurally barred. In response, OCH contends that because a special assistant attorney

6

general represented the State Department of Health, the Attorney General thereby had notice and OCH has complied with Rule 24(d).

¶14. The notice requirement of Rule 24(d) is strenuous. We have procedurally barred previous challenges to the constitutionality of a statute because of a party's failure to notify the Attorney General of the constitutional attack. *See Powers v. Tiebauer*, 939 So. 2d 749, 754-55 (Miss. 2005) (sending Attorney General the appellate brief per Miss. R. App. P. 44 was not sufficient notice under Miss. R. Civ. P. 24(d)); *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004) (holding that constitutional claims are procedurally barred when notice is not provided to the Attorney General); *Pickens v. Donaldson*, 748 So. 2d 684, 691-92 (Miss. 1999) (same); *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 202-03 (Miss. 1999) (same).

¶15. Similarly, Rule 44(a) of the Mississippi Rules of Appellate Procedure requires service of any appellate brief challenging the validity of a statute "on the Attorney General, the city attorney, or other chief legal officer of the governmental body involved." Miss. R. App. P. 44(a). That Rule further states:

> Except by special order of the court to which the case is assigned, in the absence of such notice neither the Supreme Court nor the Court of Appeals will decide the question until the notice and right to respond contemplated by this rule has been given to the appropriate governmental body.

Miss. R. App. P. 44(c).

¶16. Here, OCH did not comply with either Rule. Supposed "notice" to the special assistant attorney general is not sufficient under Mississippi Rule of Civil Procedure 24(d)

7

or Mississippi Rule of Appellate Procedure 44. To comply with these rules, a party challenging the constitutionality of a legislative enactment must serve of copy of his or her brief on the **Attorney General**. Miss. R. Civ. P. 24(d); Miss. R. App. P. 44(a). Thus, the Oktibbeha County Hospital is precluded from raising a constitutional challenge to Miss. Code Ann. § 41-7-191(16) without prior notice to the Attorney General.

## III.

¶17. OCH next contends the State Department of Health violated its own regulations in issuing the CON without providing for a hearing during the course of review. We reiterate that upon passing Miss. Code Ann. § 41-7-191(16), the Legislature effectively waived all CON requirements as they relate to any endeavor entered into between Mississippi State and any public or private health care provider in the acquisition of a "linear accelerator and a magnetic resonance imaging unit." *See* Miss. Code Ann. § 41-7-191(16)(Rev. 2005). Accordingly, this issue is without merit because the Legislature had the ability to and did waive such requirements.

## CONCLUSION

¶18. We find that, under the facts of this case, Section 41-7-191(16) mandated the State Department of Health to grant the CON to Mississippi State University, and that all other issues raised by OCH are without merit. Therefore, we affirm the Chancery Court of Hinds County.

¶19. **AFFIRMED.**

8

**SMITH, C.J., WALLER AND DIAZ, P.JJ., AND RANDOLPH, J., CONCUR. CARLSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. EASLEY AND GRAVES, JJ., NOT PARTICIPATING.**

**CARLSON, JUSTICE, DISSENTING:**

¶20.  Because the majority finds that Miss. Code Ann. § 41-7-191(16) (Rev. 2005) is a legislative mandate requiring the Mississippi State Department of Health to issue a CON to Mississippi State University and Premier Radiology, P.A., I respectfully dissent.

¶21.  In 2004, Miss. Code Ann. § 41-7-191 was amended by the Mississippi Legislature to add section (16), which states in toto:

> The State Department of Heath shall issue any certificates of need necessary for Mississippi State University and a public or private health care provider to jointly acquire and operate a linear accelerator and a magnetic resonance imaging unit.  Those certificates of need shall cover all capital expenditures related to the project between Mississippi State University and the health care provider, including, but not limited to, the acquisition of the linear accelerator, the magnetic resonance imaging unit and other radiological modalities; the offering of linear accelerator and magnetic resonance imaging services; and the cost of construction of facilities in which to locate these services.  The linear accelerator and the magnetic resonance imaging unit shall be (a) located in the City of Starkville, Oktibbeha County, Mississippi; (b) operated jointly by Mississippi State University and the public or private health care provider selected by Mississippi State University through a request for proposals (RFP) process in which Mississippi State University selects, and the Board of Trustees of State Institutions of Higher Learning approves, the health care provider that makes the best overall proposal; (c) available to Mississippi State University for research purposes two-thirds (2/3) of the time that the linear accelerator and magnetic resonance imaging unit are operational; and (d) available to the public or private health care provider selected by Mississippi State University and approved by the Board of Trustees of State Institutions of Higher Learning one-third (1/3) of the time for clinical, diagnostic and treatment purposes.  For purposes of this subsection, the provisions of Section

9

41-7-193(1) requiring substantial compliance with the projection of need as reported in the current State Health Plan are waived.

Miss. Code Ann. § 41-7-191 (Rev. 2005).

¶22. Based on this statute, Mississippi State Department of Health issued a CON to Mississippi State University and Premier without following normal CON review procedures. I respectfully submit this was error. The majority fails to strictly construe the entire statute. The last sentence of Miss. Code Ann. § 41-7-191(16) is an express waiver of compliance with the projection of need requirement, and nothing more.

¶23. Miss. Code Ann. § 41-7-193(1) (Rev. 2005) states in part:

A certificate of need shall not be granted or issued to any person for any proposal, cause or reason, unless the proposal has been reviewed for consistency with the specifications and the criteria established by the State Department of Health *and* substantially complies with the projection of need as reported in the state health plan in effect at the time the application for the proposal was submitted.

(Emphasis added). It is well-established in Mississippi that a statute is interpreted according to its plain meaning if no ambiguity exists. *Harrison County Sch. Dist. v. Long Beach Sch. Dist.*, 700 So. 2d 286, 288-89 (Miss. 1997). Therefore, this Court should first consider whether the statute is ambiguous. *Miss. Dep't of Health v. Allred*, 928 So. 2d 152, 154 (Miss. 2006). If an ambiguity does exist, this Court will then turn to the principles of statutory construction. *Id.* "Whether the statute is ambiguous or not, the ultimate goal of this Court is to discern and give effect to the legislative intent." *Id.* (quoting from *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992)). The best evidence of the

10

legislative intent comes directly from the text of the statute. *Id.* at 155 (quoting ***Pegram v. Bailey***, 708 So. 2d 1307, 1314 (Miss. 1997)).

¶24.    However, of utmost importance is the common maxim that statutes *in pari materia* should be construed together. *Id.* "When a statute is *in pari materia* with a later one, it is simply part of its context to be considered by the Court in deciding whether the meaning of a provision in the later statute is plain." *Id.* Considering Section 41-7-193(1) and its applicability to Section 41-7-191(16), it is abundantly clear that the legislative intent was to waive only the projection of need requirement. The CON application was still required to be "reviewed for consistency with the specifications and the criteria established by the State Department of Health." Miss. Code Ann. § 41-7-193(1) (Rev. 2005). The Legislature had the opportunity to insert language within Section 41-7-191(16) which explicitly waived all of the requirements of Section 41-7-193; however, the Legislature chose not to do so. Therefore, a plain reading of the statute reveals that the clear legislative intent was to waive only the projection of need requirement.

¶25.    Furthermore, the word "shall" in subsection (16) is instructive to the Mississippi State Department of Health and this Court. The "shall" language in Section 41-7-191(16) simply instructs the Mississippi State Department of Health that if the applicant meets all CON review criteria, then the Mississippi State Department of Health has no discretion and must issue the CON. However, until such criteria are met, no CON can be issued.

¶26. Thus, the Mississippi State Department of Health's final order and the chancery court's final judgment were arbitrary and capricious and not supported by substantial evidence. Therefore, I find that the chancery court's final judgment should be vacated and this matter remanded to Mississippi State Department of Health, which should then perform its necessary functions and abide by the CON review criteria, which would include permitting OCH a hearing on the CON application. The Mississippi State Department of Health must follow the first prong of Miss. Code Ann. § 41-7-193, which states: "A certificate of need shall not be granted or issued to any person for any proposal, cause or reason, unless the proposal has been reviewed for consistency with the specifications and the criteria established by the State Department of Health."

¶27. Thus, for the reasons stated, I would reverse the final judgment of the Chancery Court for the First Judicial District of Hinds County, and remand this matter to the Mississippi State Department of Health for further proceedings consistent with this opinion, including, but not limited to, reviewing Mississippi State University's CON application in accordance with the statutory and regulatory procedures of Mississippi State Department of Health's CON program, for consistency with all applicable, duly-adopted criteria and standards and for conformity with the *2005 State Health Plan*. Because the majority finds otherwise, I respectfully dissent.