# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-SA-00412-COA

**SHEYUNA VANCE**                                                                 **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF HUMAN**                                  **APPELLEE**
**SERVICES (CHILD SUPPORT DIVISION)**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2015 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | TERRIS CATON HARRIS DENNIS C. SWEET III |
| ATTORNEYS FOR APPELLEE: | JENNIFER ANN COLEMAN DAVID LEE LOVE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | DISTRIBUTED CHILD-SUPPORT MONEY ON HOLD WITH THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 10/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Shenuya Vance appeals the Hinds County Chancery Court's order distributing collected child support on hold with the Mississippi Department of Human Services (MDHS) between various family members who were granted physical custody of Vance's minor son, Perris, by the Hinds County Youth Court prior to Vance and Perris's reunification. The chancellor also ordered that child support collected while Perris was in foster care be

returned to Perris's father. Vance argues that she should receive the entirety of the held child support because, regardless of whom the youth court placed the child with, the original court order granting her support was never judicially amended. We agree with the State that Vance's participation in Mississippi's Aid to Families with Dependent Children (AFDC) public assistance program operated to statutorily amend the original support order to assign Vance's right as payee to MDHS. The chancellor's pro rata distribution of the child support to the custodial family members is consistent with the Federal Social Security Act provisions governing AFDC and is therefore affirmed. However, we find that, under state and federal law, the State is entitled to apply support collected while a child is in foster care as reimbursement for the child's foster-care placement and to disperse any excess in the child's best interests. We therefore reverse and render in part, authorizing MDHS to disburse the child support collected while Perris was in foster care in accordance with the relevant statutory provisions.

**FACTS AND PROCEEDINGS BELOW**

¶2.     Sheyuna Vance and Perris Harris[1] obtained a divorce in Kentucky in February 2008. Vance received custody of the couple's child, Perris, with Harris paying monthly child support to Vance pursuant to court order. In April 2009, Vance enrolled in AFDC, a joint state-federal program governed by Title IV-D of the Federal Social Security Act and administered by MDHS. Harris complied with the "Notice of Redirection of Child Support Payments" from MDHS, directing that child-support payments be sent to MDHS rather than

---

[1] No relation to the attorney of record in this case.

directly to Vance.

¶3.     Perris was removed from Vance's custody in January 2011 due to allegations of an instance of abuse. Pursuant to a Hinds County Youth Court "shelter order," MDHS placed the child with his maternal grandmother, Renatta Howard. During the next several months, Perris was placed briefly in foster care, and then with his maternal aunt, Keyuna Vance. At that point, in April 2011, MDHS placed disbursement of the incoming child-support payments on hold due to the child's frequent changes of home. In July 2011, MDHS removed the child from the custody of Keyuna and placed him back in foster care. In August 2012, MDHS placed him back with Howard, and a reunification plan was set for him to eventually return to Vance.

¶4.     Perris began living with Vance full time in May 2014. Vance filed this action in Hinds County Chancery Court, seeking distribution of the approximately $25,000 in child support on hold with MDHS. The chancellor distributed the monies pro rata between Vance, Howard, and Keyuna based on the timeline of who had custody of the child. The chancellor ordered the child support collected while the child was in foster care to be returned to the father, Harris.

¶5.     Vance appeals, arguing that she is entitled to receive the entirety of the held child support. The State argues that the chancellor's order should be affirmed except that the State is entitled to reimbursement for the cost of the child's foster-care placement.

## DISCUSSION

¶6.     We will not disturb a chancellor's findings of fact unless those findings are manifestly

3

wrong, clearly erroneous, or unsupported by substantial credible evidence. *Dep't of Human Servs. v. Blount*, 913 So. 2d 326, 329 (¶10) (Miss. Ct. App. 2005). Questions of statutory interpretation are reviewed de novo. *Finn v. State*, 978 So. 2d 1270, 1272 (¶6) (Miss. 2008).

**I.     The chancellor did not err in declining to award the entirety of the accrued child support to Vance.**

¶7.     Vance argues that the original judicial order granting her custody and child support entitles her to the entirety of the held monies, regardless of the youth court's removal of Perris from her custody. Absent modification of the original order, the support obligation continues, and all due payments vest in the child. *Blount*, 913 So. 2d at 330 (¶15). This obligation will be enforced on behalf of the judicially designated payee even when the child has been removed by youth court order from the home of the parent designated to receive the child support. *Id*.

¶8.     However, orders can be amended by operation of statute rather than judicially. States receiving AFDC grants must require individuals participating in AFDC to assign any right to child support "which accrues during the period that the family receives assistance under the program." 42 U.S.C. § 608(a)(3) (2012). To that end, Mississippi Code Annotated section 43-19-35 (Rev. 2015) provides:

> (1) By currently or previously accepting public assistance or making application for child support services for and on behalf of a child or children, the recipient shall be deemed to have made an assignment to the State Department of Human Services of any and all rights and interest in any cause of action . . . against any parent failing to provide for the support and maintenance of said minor child or children . . . . The recipient of Title IV-D services shall also be deemed, without the necessity of signing any document, to have appointed the State Department of Human Services to act in his or her, as well as the children's, name, place, and stead to . . . secure support, . . .

4

collecting any and all amounts due and owing for child or spousal support . . . and retaining any portion thereof permitted under federal and state statutes as reimbursement for public assistance monies previously paid to the recipient or children.

(2) Court orders of support for any child or children receiving services through Title IV-D of the federal Social Security Act shall be amended, by operation of law, and without the necessity of a motion by the Child Support Unit and a hearing thereon . . . .

Under the statutory provisions above, Vance's participation in AFDC statutorily amended the order to assign her right as payee to MDHS.[2]

¶9.     AFDC's purpose is in part to "provide assistance to needy families so that children may be cared for in their own homes *or in the homes of relatives*." 42 U.S.C. § 601(a)(1) (2012) (emphasis added). Title 42, section 657 of the United States Code (2012), titled "[d]istribution of collected support," directs states to "pay *to the family* any remaining amount" of collected child support after any appropriate reimbursement or fee to the government. "Section 657(a) identifies *a family* as the ultimate beneficiary of the collected monies: 'Subject to subsections (d) and (e) of this section, an amount collected *on behalf of a family* as support by a State pursuant to a plan approved under this part shall be distributed [to the family] . . . .' *Id*. (emphasis added)." *Hughlett v. Romer-Sensky*, 497 F.3d 557, 563 (6th Cir. 2006) (emphasis in original).

---

[2] Vance argues that section 43-19-35 is inapplicable to the case at hand because, here, the action is one in equity against the State of Mississippi for its failure to tender payments that have in fact been made by the absent parent, as opposed to an action by MDHS against the absent parent for failure to make support payments. This distinction is irrelevant. Participation in Title IV-D includes MDHS performing a "pass-through" roll for current (as opposed to delinquent) child-support payments. The same assignment-of-rights requirement applies.

¶10.    Here, because Vance assigned her rights as payee to MDHS by participation in AFDC prior to the Hinds County Youth Court custody adjudication, the chancellor did not err in ordering disbursement of the collected child support to the various custodial family members.[3] The result is equitable, consistent with the purpose and disbursement provisions of AFDC, and does not conflict with the statutorily amended support order. We emphasize that the removal of Vance's child from her custody as adjudicated by the Hinds County Youth Court was not the action that amended her status as payee in the original support order. *See Blount*, 918 So. 2d at 530 (¶14). This Court held in *Blount* that while the youth court has authority to remove a child from a parent's custody pursuant to its "'exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child, or a dependent child,' . . . the Youth Court had no authority to terminate [the noncustodial parent's] child support obligations" to the designated payee. *Id*.; Miss. Code Ann. § 43-21-151 (Rev. 2015).

## II.    The chancellor erred in ordering the support accrued during the child's foster-care placement to be returned to the noncustodial parent.

¶11.    The State argues that the chancellor erred as a matter of state and federal law in

---

[3] We note that, in *Brown v. Mississippi Department of Human Services*, 806 So. 2d 1004 (Miss. 2000), the Mississippi Supreme Court held as a matter of first impression that a parent's assignment of rights by participation in AFDC is limited in that MDHS can retain only the amount necessary to reimburse the government for AFDC welfare payments, and that the custodial parent retains standing to request an accounting and is entitled to recovery of any excess. Here, all child-support payments were timely made by the noncustodial parent (rather than collected later via an enforcement action). We note that the State is requesting affirmation of the chancellor's pro rata distribution, and did not submit below or on appeal that it is statutorily entitled to fees or reimbursement out of the held funds.

ordering the child support collected while Perris was in foster care returned to Harris, and argues that the State is entitled to reimbursement for the cost of the child's foster-care placement. We agree. The relevant Federal Social Security Act provisions provide that support collected is to be applied as reimbursement to the state for foster-care maintenance payments and that any excess be disbursed "in the best interests of the child." Section 657(e) states in relevant part:

> . . . [A]mounts collected by a State as child support . . .
>
> (1) shall be retained by the State to the extent necessary to reimburse it for the foster care maintenance payments made with respect to the child during such period . . . ;
>
> (2) shall be paid to the public agency responsible for supervising the placement of the child to the extent that the amounts collected exceed the foster care maintenance payments . . . and the responsible agency may use the payments in the manner it determines will serve the best interest of the child . . . .

¶12. State law also provides that child support be used as restitution for monies expended for public assistance. Mississippi Code Annotated section 43-19-31(b) (Rev. 2015) defines "public assistance" to include foster care. Mississippi Code Annotated section 43-19-31(g) states that one of the purposes of MDHS is:

> To obtain restitution of monies expended for public assistance from a parent or any other person legally liable for the support of any child or children receiving aid from the department; said action for restitution shall arise from the payment of public assistance for the dependent child or children and shall be for the amount of the public assistance paid. Said action for restitution shall not arise against the parent or other person legally responsible who receives public assistance for the benefit of any dependent child or children. When a court order of support has been issued, the amount recoverable shall be limited to the amount of the court order.

MDHS was therefore entitled to reimbursement for the child's foster-care placement, and the

chancellor erred in ordering those monies returned to the child's father.

## CONCLUSION

¶13.    Vance's participation in AFDC statutorily amended the original judicial order of child support and maintenance, assigning her rights as payee to MDHS. The chancellor did not err in disbursing the accumulated support on a pro rata basis to the custodial family members. However, the chancellor did err in ordering child support returned to the father rather than authorizing MDHS to disburse the support collected while Perris was in foster care in accordance with the relevant statutory provisions discussed above. We therefore affirm in part, and reverse and render in part.

¶14.    **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPELLEE.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**