515 So.2d 1229 (1987)
Jerry READ
v.
SONAT OFFSHORE DRILLING, INC.
No. 57325.
Supreme Court of Mississippi.
November 25, 1987.
Jerry Read, Liston, Gibson & Lancaster, Winona, for appellant.
Luther P. Crull, Jr., Winona, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Jerry Read filed suit in the Circuit Court of Holmes County, Mississippi, against Sonat Offshore Drilling Company, Inc., [Sonat] a foreign corporation qualified to do business in the State of Mississippi, in the sum of six thousand, seven hundred twenty-six dollars sixty-seven cents ($6,726.67) for damages sustained by him from an automobile collision in New Orleans, Louisiana, on March 11, 1985. The lower court sustained Sonat's motion for a dismissal, pursuant to Miss.R.Civ.P. 12(b)(2), i.e., that the Holmes County Circuit Court lacked jurisdiction over the person of the defendant.
The facts of the case are uncontradicted. Read was and is, a resident citizen of Holmes County, Mississippi, residing at 123 Race Street, Lexington, Mississippi. Appellee, Sonat, was organized under the laws of the State of Delaware and, at all times pertinent hereto, was qualified to do business in the State of Mississippi. Sonat had designated C.T. Corporation System, 118 North Congress Street, Jackson, Mississippi, as its registered agent for service of process within the State of Mississippi.
On January 11, 1985, Read's automobile was parked and unoccupied on Magazine Street in New Orleans, Louisiana. While attempting to negotiate a turn, John J. *1230 Wax, an employee and agent of Sonat, working within the scope of his employment, struck and damaged Read's automobile. On January 6, 1986, Read filed a complaint against Sonat in the Circuit Court of Holmes County, Mississippi, seeking damages as a result of said collision, and on January 9, 1986, Sonat was personally served with process and a copy of Read's complaint through its registered agent for service of process, C.T. Corporation System.
We are of the opinion that the lower court erred in holding that it lacked personal jurisdiction of the appellee Sonat Offshore Drilling, Inc., and in dismissing the complaint.
Pertinent Mississippi Code Annotated sections applicable to this question follow:
§ 79-3-211. Admission of foreign corporation.

No foreign business corporation for profit shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state.
§ 79-3-229. Service of process on foreign corporation.

The registered agent so appointed by a foreign corporation authorized to transact business in this state shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served.
§ 79-3-247. Transacting business without certificate of authority.

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.
§ 79-1-27. Foreign corporations subject to suit in this state.

Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.
Sonat contends and argues that it is uncontradicted appellee was not doing business within the State of Mississippi, which is required before personal jurisdiction can be obtained; that the court did not obtain jurisdiction over Sonat by virtue of the fact that it qualified to do business in the State of Mississippi and appointed an agent for process; and that the motion to dismiss was properly sustained by reason thereof.
The argument and contention of Sonat is misplaced, and confused. Mississippi Code Annotated § 79-3-213 (1972) provides:
§ 79-3-213. Powers of foreign corporations.

A foreign corporation which shall have received a certificate of authority under this chapter shall, until a certificate of revocation or of withdrawal shall have been issued as provided in this chapter, enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and, except as in this chapter otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character.
A corporation qualifying to do business in Mississippi, under the appropriate statutes, for all purposes, becomes like an individual as far as suit is concerned. The corporation qualifies to do business, it designates a registered agent whereby that corporation is easily found and served with process. If it does not qualify to do business in the State of Mississippi, under § 79-3-247 it does not have access to the courts insofar as maintaining an action or suit in the courts of this state. On the other hand, under § 79-1-27 (1972), if a foreign corporation is not qualified to do business in the State of Mississippi, and is found doing business in the state, it may be sued simply by serving process upon any agent of the corporation in the State of Mississippi. The Mississippi courts then have personal jurisdiction of the foreign corporation. Arrow Food Distrib., Inc. v. *1231 Love, 361 So.2d 324 (Miss. 1978); Arnett v. Carol C. & Fred R. Smith, Inc., 165 Miss. 53, 145 So. 638 (1933); Vicksburg S. & P.R. Co. v. Forcheimer, 113 Miss. 531, 74 So. 418 (1917).
In the event any plaintiff has a claim against an individual in a state outside Mississippi, and that individual, passing through Mississippi, is served on his way in and out, the Mississippi court has personal jurisdiction of his person. Likewise, if a foreign corporation is qualified to do business in the State of Mississippi, even though it may not be doing any business, its agent for process may be served, and the courts have personal jurisdiction of that corporation. Actually doing business in the State of Mississippi has nothing to do with personal jurisdiction such as is involved in this case.
It is obvious, in reading the briefs of Sonat, that Sonat is confusing this case with the requirements of obtaining personal jurisdiction under the Long-Arm Statute [Mississippi Code Annotated § 13-3-57 (1972)], where minimal contacts and other requisites are essential. Much of Sonat's argument relates to the requirements of the Long-Arm Statute. See First Miss. Nat'l Bank v. S & K Enterprises, 460 So.2d 839 (Miss. 1984); Mandel v. James Graham Brown Foundation, Inc., 375 So.2d 1017 (Miss. 1979); Miller v. Glendale Equipment, 344 So.2d 736 (Miss. 1977); Smith v. Temco, Inc., 252 So.2d 212 (Miss. 1971).
The judgment of the lower court dismissing appellant's complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.