# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CT-00393-SCT

*STEVEN FINN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2006 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN CARL HELMERT, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 04/10/2008 |

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Steven Finn was charged with violating Mississippi Code Annotated Section 41-29-313 (2)(c)(I) (Rev. 2005) by possessing greater than fifteen grams of pseudoephedrine, where he knew or should have known that the pseudoephedrine would be used to manufacture a controlled substance. Finn pleaded guilty and was sentenced to five years in the custody of the Mississippi Department of Corrections with three of those years to be suspended.  Finn

appealed, arguing that Mississippi Code Annotated Section 41-29-313 (2)(c)(I) (Rev. 2005) did not criminalize the possession of greater than fifteen grams of pseudoephedrine when it was in dosage form. The trial court denied Finn's request for post conviction relief. This Court assigned the case to the Court of Appeals. In a 6-4 decision, the Court of Appeals agreed with Finn and overturned the trial court's judgment. Because we find that the plain language of the statute does, in fact, criminalize possession of greater than fifteen grams of pseudoephedrine, regardless of the form, we reverse the Court of Appeals and affirm the holding of the Lee County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2.  At the time of his arrest, Steven Finn was in possession of 180 tablets of pseudoephedrine. The tablets were composed of more than fifty-five grams of pseudoephedrine. The grand jury subsequently indicted Finn under Mississippi Code Annotated Sections 41-29-101 through 187 for possession of greater than fifteen grams of pseudoephedrine, where he knew or should have known that the pseudoephedrine would be used unlawfully to manufacture a controlled substance. On July 7, 2005, Finn pled guilty. Finn was subsequently sentenced to five years in the custody of the Mississippi Department of Corrections, with three of those years suspended.

¶3.  In August of 2005, Finn filed a motion for post-conviction relief, arguing that Mississippi Code Annotated Section 41-29-313 (2)(c)(i) (Rev. 2005) does not criminalize possession of greater than fifteen grams of pseudoephedrine if the pseudoephedrine is in dosage form. Accordingly, Finn asserts that he was charged with a nonexistent crime.

2

¶4.     The trial court denied Finn's relief.  However, in a six-four decision, the Court of Appeals reversed and rendered the trial court ruling, using the rationale that dosage units are the preferred units of measure for ephedrine and pseudoephedrine. ***Finn v. State***, 2007 Miss. App. LEXIS 451, *5 (June 26, 2007). The Court of Appeals reasoned that only when the drug was not in "dosage unit" form was the weight of the drug to be considered. ***Id.***  The State of Mississippi seeks review by this Court.

¶5.     The issue before the Court on appeal is:

> **WHETHER MISSISSIPPI CODE ANNOTATED SECTION 41-29-313(2)(C)(I) CRIMINALIZES THE POSSESSION OF GREATER THAN FIFTEEN GRAMS IN WEIGHT OF PSEUDOEPHEDRINE WHEN THE DRUG IS IN DOSAGE FORM.**

## STANDARD OF REVIEW

¶6.     This Court applies a de novo standard of review to questions of statutory interpretation. ***Capitol One Servs. v. Page***, 942 So. 2d 760, 762 (Miss. 2006).

## DISCUSSION

*I.     Plain Meaning.*

¶7.     The language of Section 41-29-313(2)(c)(i) is at the very core of this appeal.  The statute in question makes it "unlawful to purchase, possess, transfer or distribute two hundred fifty (250) dosage units **or** fifteen (15) grams in weight (dosage unit and weight as defined in Section 41-29-139) of pseudoephedrine or ephedrine." Miss. Code Ann. § 41-29-313(2)(c)(i) (Rev. 2005) (emphasis added).

¶8.     "It is well settled that  when a court considers a statute passed by the Legislature, the first question before the Court is whether the statute is ambiguous.  If the statute is  not

3

ambiguous, the court should interpret and apply the statute according to its plain meaning without the aid of principles of statutory construction." *Harrison County Sch. Dist. v. Long Beach Sch. Dist.*, 700 So. 2d 286, 288-89 (Miss. 1997) (citing *Miss. Power Co. v. Jones*, 369 So. 2d 1381, 1388 (Miss. 1979)). The Court of Appeals recognized the statute lacked ambiguity when it stated: "this Court finds the Legislative intent in Section 41-29-313 is clear and unambiguous." *Finn*, 2007 Miss. App. LEXIS 451, *5.

¶9.     A plain-language reading of Section 41-29-313 does criminalize the possession of greater than fifteen grams of pseudoephedrine. The state points to the language in the statute highlighting the fact that the word "or" is a conjunctive used to link two or more alternatives. It appears that the provision for the weight measurement of fifteen grams is an alternative to the measure of 250 dosage units. Finn is attempting to insert a condition that is not stated in the law; he wants the weight of the drug only to be considered as an alternative when the drug does not appear in dosage form. To do so would be to tread on the domain of the Legislature, as it alone has the power to create and modify statutes. It is not the province of the Court to insert requirements where the Legislature did not do so. *See* **Miss. Ethics Comm'n v. Grisham**, 957 So. 2d 997, 1003 (Miss. 2007).

¶10.    Finn argues that, because Mississippi Code Annotated Section 41-29-313(2)(c)(i) refers to Mississippi Code Annotated Section 41-29-139, weight is to be used only if the drug is not in the form of dosage units. We disagree.

¶11.    Mississippi Code Annotated Section 41-29-139(c) states, "[f]or any controlled substance that does not fall within the definition of the term 'dosage unit,' the penalties shall be based upon the weight of the controlled substance." Miss. Code Ann. § 41-29-139 (Rev.

4

2005). This section specifically provides what is to be done when the controlled substance does not fall within the definition of dosage units. But the statute is silent as to those that do fall within the definition of "dosage units." Here, the drugs Finn possessed did fall into the definition of "dosage unit," and as a result, the above section is inapplicable. When the drug falls under the definition of "dosage unit," the state has prosecutorial discretion under Mississippi Code Annotated Section 41-29-313 to base the charges on the dosage units or on the weight of the drug. Section 41-29-139 does provide guidance as to how to determine the weight of the drug when it says "[t]he weight set forth refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." This portion of the statute does have direct application to the instant matter, as it governs how the weight of a drug is determined. We hold that, from a plain reading of the statute, it is clear that, in Section 41-21-313, the Legislature criminalized the possession, purchase, transfer or distribution of "two hundred fifty (250) dosage units or fifteen (15) grams of weight . . . of pseudoephedrine" and the state has prosecutorial discretion to choose between dosage unit or weight when the drug appears in dosage unit form. Section 41-29-139 does not alter the plain meaning; it only provides guidance as to how to proceed when the drug is not in dosage unit form.

## CONCLUSION

¶12. Finn's interpretation ignores the plain meaning of the statute. The Court of Appeals admitted in its opinion that there was no question of ambiguity in Section 41-29-213 (2)(c)(I) but it did not adhere to the plain meaning of the statute. The Court of Appeals erred by reading too much into the "definition" section referenced in the statute. For the reasons

5

stated above, this Court reverses the decision of the Court of Appeals and reinstates the decision of the Lee County Circuit Court.

¶13.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**WALLER, P.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J. LAMAR, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, J.**

**GRAVES, JUSTICE, DISSENTING:**

¶14.    The majority of this Court fails to apply the clear, plain language of the applicable statutes in this case. Moreover, the majority's finding that the Court of Appeals should be reversed is erroneous. Because I would have denied the petition for writ of certiorari and would now dismiss the petition as improvidently granted, I respectfully dissent.

¶15.    The majority cites the applicable statutory provisions and then ignores the plain language of the statute. Section 41-29-313(2)(c)(i) of the Mississippi Code Annotated states, in relevant part:

> It is unlawful for any person to purchase, possess, transfer or distribute two hundred fifty (250) dosage units or fifteen (15) grams in weight **(dosage unit and weight as defined in Section 41-29-139)** of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance.

Miss. Code Ann. §41-29-313(c)(i) (Rev. 2005). Clearly, this language defers to Section 41-29-139, which states, in relevant part:

> The penalties for any violation of this subsection (c) with respect to a controlled substance . . . **shall be based on dosage unit** as defined herein or the weight of the controlled substance as set forth herein as appropriate:

6

> **"Dosage unit (d.u.)" means a tablet or capsule**, or in the case of a liquid solution, one (1) milliliter. . . .
> **For any controlled substance that does not fall within the definition of the term "dosage unit,"** the penalties shall be based upon the weight of the controlled substance.
> The weight set forth refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.

Miss. Code Ann. §41-29-139(c) (Rev. 2005) (emphasis added).

¶16.　Finn was in possession of 180 unaltered tablets of pseudoephedrine. Unaltered tablets clearly fall within the definition of "dosage units." Despite the statutory language, the majority incredibly finds that "the statute is silent as to those that do fall within the definition of 'dosage units.'" Such a finding is erroneous. The plain language of the statute quoted above requires that, in such case, the penalty "shall be based on dosage unit." Moreover, the majority's finding that because the tablets possessed by Finn "did fall into the definition of 'dosage unit'" then "the above section is inapplicable" is erroneous, inexplicable and unsupportable by any rule of statutory construction. The majority opinion is incongruous. Further, without citation to any authority, the majority boldly declares that when "the drug falls under the definition of 'dosage unit' the state has prosecutorial discretion . . . to base the charges on the dosage units or on the weight of the drug." However, such a finding is contradictory to the plain language of the statute.

¶17.　Ironically, the majority's end result is to find that some provisions of Section 41-29-139 are applicable, while others are not. However, this logic is flawed. If the portion requiring penalties to be based on a dosage unit does not apply, then neither would the portion allowing weight to include the entire weight of any mixture containing a detectable amount of a controlled substance. Clearly, the evidence contained in the record pertaining

7

to the weight of the pseudoephedrine is highly suspect. The crime lab report indicates that 120 tablets weighed 18.05 grams, while sixty tablets weighed a whopping 37.52 grams, for a total of 55.57 grams. Clearly such amounts do not reflect merely the amount of pseudoephedrine.[1] Additionally, different types of medication can contain equal amounts of pseudoephedrine, but then vary greatly in the amounts of other ingredients, thereby causing significant fluctuations in the total weight of the tablets. To suggest that prosecutors should be allowed discretion to decide whether to prosecute based on the weight or the number of tablets, when the statute clearly states otherwise, would open the door for differing and unfair treatment of different defendants, who each possessed an equal amount of pseudoephedrine and equal number of tablets, but happened to possess different brands containing differing amounts of other non-precursor ingredients. However, any alteration to the dosage unit would then require application of the weight requirement.

¶18. The Court of Appeals correctly found that Section 41-29-313 is clear, unambiguous, and does not provide any discretionary privileges to prosecutors concerning the unit of measurement that must be used in these cases. Furthermore, the Court of Appeals correctly found that Finn is entitled to post-conviction relief. Because I would dismiss the petition for writ of certiorari as improvidently granted, I respectfully dissent.

> **DIAZ, P.J., JOINS THIS OPINION.**

---

[1]These calculations would indicate that the tablets contained more than 150 mg and 625 mg, respectively. The average over-the-counter tablet contains 30 mg of pseudoephedrine, meaning 180 tablets would contain 5,400 mg or 5.4 grams. Further, the average over-the-counter tablet contains 20-30 mg of other or inactive ingredients. Based on this, 250 tablets at a total weight of 60 mg each would weigh 15 grams. Clearly, this is the basis for the statute.

**LAMAR, JUSTICE, DISSENTING:**

¶19.   We now have four opinions in this case – a majority and a dissent from the Court of Appeals and a majority and a dissent from this Court.  All four opinions declare that the statutes in question, Mississippi Code Annotated §§ 41-29-313 and 41-29-139, are clear, plain, and unambiguous.  The only problem is that they do not agree as to what the "plain and unambiguous" language of the statues means.  This is the very definition of ambiguity.  Ambiguous means open to more than one interpretation, uncertain, open to several possible meanings, or lacking clarity of meaning.  This Court should acknowledge the ambiguity of the statue, rather than ignoring it.  The ultimate goal of this Court in interpreting a statute is to discern and give effect to legislative intent.  *Anderson v. Lambert*, 494 So. 2d 370, 372 (Miss. 1986).  Because I believe that the decision of this Court fails to do that, I respectfully dissent.

   **DICKINSON, J., JOINS THIS OPINION.**