# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00939-SCT

*K&C LOGISTICS, LLC*

*v.*

*OLD DOMINION FREIGHT LINE, INC., AND
DANIEL STEVEN COOPER*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2022 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | WILLIAM C. BELL |
| | DAVID C. DUNBAR |
| | CHRISTOPHER G. DUNNELLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. BELL |
| ATTORNEYS FOR APPELLEES: | DAVID C. DUNBAR |
| | CHRISTOPHER G. DUNNELLS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/16/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. K&C Logistics, LLC, brought suit in Madison County Circuit Court against Old Dominion Freight Line, Inc., and Daniel Cooper as the result of a vehicle accident that occurred in Nogales, Arizona. The trial court determined that it did not have personal jurisdiction over Old Dominion. K&C Logistics appeals and asks this Court to find that courts in Mississippi have jurisdiction over Old Dominion. This Court is further requested to interpret the Mississippi Business Corporation Act to hold that Old Dominion, a foreign

corporation registered to do business in Mississippi, consented to general personal jurisdiction when it registered to do business in the state. This Court affirms the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 13, 2020, an Old Dominion truck, driven by Cooper, collided with the K&C Logistics truck at a truck stop in Nogales, Arizona. Old Dominion is a freight line headquartered in North Carolina and incorporated in Virginia. Old Dominion also is a foreign corporation that has been registered to do business in Mississippi since 1988. Cooper is a resident of North Carolina. K&C Logistics is a Mississippi corporation located in Madison County.

¶3.     The current negligence lawsuit was filed on April 29, 2021, by K&C Logistics against Old Dominion and Cooper[1] in the Madison County Circuit Court. K&C Logistics alleged that the court had personal jurisdiction over Old Dominion because it does business in Mississippi at its trucking terminals in Richland and Tupelo and becuase its trucks frequently travel through Mississippi. K&C Logistics further alleged that the court had jurisdiction over Cooper because he "is believed to have traveled through the state of Mississippi multiple times while driving for Old Dominion[.]"

¶4.     On May 7, 2021 and May 11, 2021, two different attorneys filed notices of appearance

---

[1]The record evidences that Cooper was not properly served with process. It is unclear if Cooper was ever properly served, and Cooper made no appearance nor did he file any documents in this case. Old Dominion's pleadings do not claim to represent Cooper, although he was alleged to be within the scope of his employment at the time of the collision.

on behalf of Old Dominion. Then, on May 19, 2021, Old Dominion filed its answer and affirmative defenses alleging, among other things, that the court did not have personal jurisdiction. On July 8, 2021, Old Dominion filed a motion to dismiss for lack of personal jurisdiction. Old Dominion argued that both defendants were citizens of North Carolina and that the only connection this matter has to the state of Mississippi was K&C Logistics' residency.

¶5. On November 22, 2021, the trial court held a hearing on Old Dominion's motion to dismiss for lack of personal jurisdiction. After the hearing, the court entered an order requesting further briefing on personal jurisdiction. Both parties submitted briefs, and on February 2, 2022, the trial court entered an order denying Old Dominion's motion to dismiss. The trial court found the Mississippi long-arm statute[2] to be inapplicable and found no basis to support a finding of specific personal jurisdiction over Old Dominion. The court, however, granted K&C Logistics an opportunity to conduct jurisdictional discovery to determine "whether Old Dominion's contacts with the State are such that it is essentially at home in Mississippi" thus allowing the court to exercise general personal jurisdiction.

¶6. On March 14, 2022, Old Dominion filed a renewed motion to dismiss stating that "[i]nstead of waiting indefinitely for the Plaintiff to propound discovery," Old Dominion would submit information that was relevant to the issue of general personal jurisdiction. Old Dominion attached an affidavit, screenshots of Old Dominion's Terminal Map and a screenshot of Old Dominion's terminal locations in the southeast region of the United States.

---

[2]Mississippi Code Section 13-3-57 (Rev. 2019).

3

K&C Logistics requested to amend its complaint to add additional facts to support personal jurisdiction. On May 16, 2022, Old Dominion moved for reasonable attorneys' fees for having to defend what it characterized as "Plaintiff's frivolous motion practice." The record evidences that a rather heated filing of responses ensued.

¶7. On August 23, 2022, the trial court entered an order granting Old Dominion's renewed motion to dismiss for lack of personal jurisdiction.[3] The court affirmed its prior finding that it lacked specific personal jurisdiction because "Defendant's conduct within Mississippi did not give rise to the Plaintiff's cause of action for a motor vehicle accident that occurred in Arizona[.]" The trial court further found that it lacked general personal jurisdiction "due to both Defendants' being citizens of North Carolina and neither having sufficient contacts with Mississippi to render either 'at home' sufficient for general personal jurisdiction." K&C Logistics' request to amend its complaint was denied, and Old Dominion's motion for attorneys' fees was denied.

---

[3]We note that the trial court considered matters outside the pleadings and should have converted Old Dominion's motion to dismiss into one for summary judgment. Neither party, however, raised this issue before the trial court or on appeal. The record evidences that the parties were actively filing documents and responses. Further, the trial court held a hearing on the issue of jurisdiction, and the parties argued the evidence before the court without objection. "[A]ny error in failing to convert the motion 'is harmless if the dismissal can be justified under [Rule] 12(b)(6) standards without consideration of the matters outside the pleadings.'" *Henley, Lotterhos & Henley, PLLC v. Bryant*, 361 So. 3d 621, 626 (Miss. 2023) (second alteration in original) (internal quotation marks omitted) (quoting *Trigg v. Farese*, 266 So. 3d 611, 619 (Miss. 2018)). This case centers on a question of jurisdiction and statutory interpretation, which this Court reviews de novo. *Greenville Pub. Sch. Dist. v. Thomas*, 352 So. 3d 190, 192 (Miss. 2022) (citing *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (Miss. 2005); *Finn v. State*, 978 So. 2d 1270, 1272 (Miss. 2008)). Because the dismissal can be justified under Mississippi Rule of Civil Procedure 12(b)(6) standards, remand for conversion of the motion is unnecessary.

¶8. On September 15, 2022, K&C Logistics filed a notice of appeal of the August 23, 2022 order.

## ISSUES PRESENTED

¶9. On appeal, K&C Logistics' arguments as to why this Court should find personal jurisdiction over Old Dominion can best be summarized as follows:

    I.      Whether the Mississippi Business Corporation Act confers personal jurisdiction over Old Dominion.

    II.     Whether Old Dominion made a general appearance, which waived personal jurisdiction.

## STANDARD OF REVIEW

¶10. "This Court employs a de novo standard of review for questions of law, jurisdictional questions and issues of statutory interpretation." *Greenville Pub. Sch. Dist.*, 352 So. 3d at 192 (citing *Aladdin Constr. Co.*, 914 So. 2d at 174; *Finn*, 978 So. 2d at 1272). "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." *Trigg*, 266 So. 3d at 617 (internal quotation marks omitted) (quoting *Long v. Vitkauskas*, 228 So. 3d 302, 304 (Miss. 2017)).

## DISCUSSION

### I. Whether the Mississippi Business Corporation Act confers personal jurisdiction over Old Dominion.

¶11. It is uncontested by the parties that the Mississippi long-arm statute is inapplicable to this case. K&C Logistics instead argues that when Old Dominion registered to do business under the Mississippi Business Corporation Act, it consented to being treated as a domestic corporation, meaning it consented to general personal jurisdiction in Mississippi. General

jurisdiction arises when the defendant's contacts with the forum state are so systematic and continuous that it is rendered "essentially at home in the forum State." ***Daimler AG v. Bauman***, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (internal quotation mark) (quoting ***Goodyear Dunlop Tires Operations, S.A. v. Brown***, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 496 (2011)). Specific personal jurisdiction exists when the defendant's contacts in the forum state give rise to the suit. ***Id.*** (citing ***Helicopteros Nacionales de Colombia, S.A. v. Hall***, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).

¶12. "Consent jurisdiction is an independent basis for jurisdiction." ***DeLeon v. BNSF Ry. Co.***, 426 P.3d 1, 5 (Mont. 2018); ***Chavez v. Bridgestone Ams. Tire Operations, LLC***, 503 P.3d 332, 341 (N.M. 2021) ("Consent by registration provides a basis for general personal jurisdiction." (citing ***Pa. Fire Ins. Co. of Philadelphia v. Gold Issue Mining and Milling Co.***, 243 U.S. 93, 95, 37 S. Ct. 344, 61 L. Ed. 610 (1917))); *see **Mallory v. Norfolk S. Ry. Co.***, 600 U.S. 122, 138, 143 S. Ct. 2028, 216 L. Ed. 815 (2023).

¶13. Consent jurisdiction by business registration is "premised on varying legal fictions, including the fiction that the corporation was present through its registered agent, and the fiction that the corporation had impliedly consented to jurisdiction in exchange for the privilege of doing business in the state." ***Chavez***, 503 P.3d at 339-40. Depending on the state's law, a corporation may "consent to in-state suits in exchange for the rights to exploit the local market and to receive the full range of benefits enjoyed by in-state corporations." *Mallory*, 600 U.S. at 130. Consent to jurisdiction through business registration has been

characterized as a "relic of the now-discarded *Pennoyer v. Neff* era of personal jurisdiction." *Chavez*, 503 P.3d at 339 (citing *Pennoyer v. Neff*, 95 U.S. 714, 722, 24 L. Ed. 565 (1877), *overruled by Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)). Prior to the recent United States Supreme Court decision in *Mallory*, some states questioned the continued use of consent jurisdiction because, regardless of the language of each state's business registration statutes, obtaining general personal jurisdiction over every corporation that merely registers to do business in a state seemed to fly in the face of the due process concerns expressed by the United States Supreme Court in *International Shoe v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154, 90 L. Ed. 95 (1945), and its progeny. *Mallory*, 600 U.S. at 124, 127, 137-39; *see Segregated Acct. of Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 898 N.W.2d 70, 82 (Wis. 2017); *DeLeon*, 426 P. 3d at 9 ("Reading our registration statutes to confer general personal jurisdiction over foreign corporations would swallow the Supreme Court's due process limitations on the exercise of general personal jurisdiction[.]"); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 144-48 (Del. 2016).

¶14.    Consent jurisdiction by business registration has recently been addressed by the United States Supreme Court in *Mallory*, 600 U.S. at 127. The Court's holding in *Mallory* was controlled by its prior decision a century earlier in *Pennsylvania Fire*. *Mallory*, 600 U.S. at 134. In *Pennsylvania Fire*, the Supreme Court found that there was no due process violation for the court to exercise personal jurisdiction over an insurance suit brought in the state of Missouri by Gold Issue Mining, an Arizona company, against Pennsylvania Fire

7

Insurance Company, a Pennsylvania company, for the enforcement of a contract that was formed in Colorado. *Pa. Fire*, 243 U.S. at 94. Such decision was based on the plain language of a Missouri statute that conditioned the privilege of doing business in Missouri upon the filing of a "power of attorney consenting that service of process upon the superintendent [of the insurance department] be deemed personal service upon the company so long as it should have any liabilities outstanding in the state." *Id.* Importantly, the Missouri Supreme Court agreed, applied the statute and interpreted it to confer jurisdiction. *Id.* at 95.

¶15. In *Mallory* a former freight-car mechanic of the Norfolk Southern Railway sued in Pennsylvania state court for alleged exposure to carcinogens and asbestos during his work for the railway in Virginia and Ohio. *Mallory*, 600 U.S. at 126. Mallory, the mechanic, was diagnosed with cancer in Pennsylvania but was a resident of Virginia. *Id.* Norfolk Southern Railway, which at the time was incorporated and headquartered in Virginia, challenged the Pennsylvania court's personal jurisdiction as a violation of the Due Process Clause. *Id.* The Pennsylvania Supreme Court agreed with Norfolk Southern Railway and held that although Pennsylvania law explicitly "requires an out-of-state firm to answer any suits against it in exchange for status as a registered foreign corporation and the benefits that entails" such law cannot be followed because it violates the Due Process Clause. *Id.* at 127 (citing *Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542, 561-68 (Pa. 2021), *vacated*, 600 U.S. at 146, *remanded to* 300 A.3d 1013 (Pa. 2023)).

¶16. On appeal, the United States Supreme Court vacated and remanded the Pennsylvania

court's finding, and held that under ***Pennsylvania Fire***, consent by business registration to personal jurisdiction does not violate the Due Process Clause. ***Mallory***, 600 U.S. at 126, 133-35 (citing ***Pa. Fire***, 243 U.S. at 95). Further, the ***Mallory*** Court found that Pennsylvania state courts have personal jurisdiction over Norfolk Southern Railway because of a Pennsylvania statute that is "explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." ***Id.*** at 134 (citing 42 Pa. Cons. Stat. Ann.§ 5301(a)(2)).

¶17. Therefore, the first question that must be answered by this Court is whether the laws of Mississippi either impliedly or expressly provide that by registering to do business in this state, Old Dominion consented to general personal jurisdiction. K&C Logistics' argument is weaker post-***Mallory*** because, although ***Mallory*** alleviates any due process concerns, the decision rests entirely on what is provided by state law. ***Id.*** at 135-36. The Court in ***Mallory*** based its decision on the clear language of the Pennsylvania statute and noted that "the Court need not speculate whether any other statutory scheme and set of facts would suffice to establish consent to suit. It is enough to acknowledge that the state law and facts before us fall squarely within ***Pennsylvania Fire***'s rule."[4] ***Mallory***, 600 U.S. at 135-36. This case and the statutory language before this Court do not fall "squarely within ***Pennsylvania Fire***'s rule" and the outcome is not dictated by ***Mallory*** because there is no state law basis for the

---

[4]It is worth noting, again, that the Pennsylvania court had refused to follow the clear conferral of jurisdiction mandated by its statutes because it found the statutes violated due process. ***Mallory***, 266 A.3d at 561-68.

Court to find that Old Dominion has either impliedly or explicitly consented to the jurisdiction of the courts by simply registering to do business. *Mallory*, 600 U.S. at 136.

¶18. The Mississippi Business Corporation Act does not confer jurisdiction over Old Dominion. The Business Corporation Act is found in Mississippi Code Section 79-4-1.01 to -17.05 (Rev. 2013). Mississippi Code Section 79-4-15.01 (Rev. 2013), which pertains specifically to foreign corporations, requires that a "foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State." Miss. Code Ann. § 79-4-15.01(a) (Rev. 2013). To obtain a certificate, the foreign corporation is required to submit an application to the Secretary of State with specific identification information and to appoint a registered agent pursuant to the requirements of Mississippi Code Section 79-35-5(a) (Rev. 2013). Miss. Code Ann. § 79-4-15.03(a) (Rev. 2013). Mississippi Code Section 79-4-15.05(b) states that

> A foreign corporation with a valid certificate of authority has the same but no greater rights and has the same but no greater privileges as, and except as otherwise provided by Sections 79-4-1.01 et seq. is subject to the same *duties, restrictions, penalties and liabilities now or later imposed on, a domestic corporation* of like character.

Miss. Code Ann. § 79-4-15.05(b) (Rev. 2013) (emphasis added). K&C Logistics argues that Section 79-4-15.05(b) subjects Old Dominion to the same treatment as that of a domestic corporation, which would allow the courts to exercise general personal jurisdiction over Old Dominion.

¶19. This Court addressed the current business registration statutes in a footnote in *Estate*

*of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131 (Miss. 2008).[5]  The issue of personal

jurisdiction was preserved and raised on appeal.  *Id.*  In the footnote, this Court stated that

> By registering with the Secretary of State, Semmes-Murphy was granted "the
> same powers as an individual to do all things necessary or convenient to carry
> out its business and affairs, including . . . [t]o sue and be sued, complain and
> defend in its corporate name["];]and subjected itself to the same due process
> procedure for suits against resident corporations. Miss. Code Ann. §§ 13-3-49
> (Rev. 2002); Miss. Code Ann. §§ 77-4-3.02, 77-4-5.04, 77-4-15.05, 77-4-
> 15.10 (Rev. 2000); Miss. R. Civ. P. 4(d)(4).

*Est. of Jones*, 992 So. 2d at 1138 n.4 (first & second alterations in original).[6]

¶20.    The Court stated that "[a]ssuming, for argument's sake, that Semmes-Murphy was a

foreign corporation not qualified to do business in Mississippi, the clinic and Dr. Wright still

subjected themselves to the personal jurisdiction of Mississippi courts under the

'doing-business' component of Mississippi's long-arm statute[.]" *Id.* at 1138 (footnote

omitted). The Court found that it had jurisdiction under the long-arm statute over both Dr.

Wright and Semmes-Murphy and that such a finding did not offend due process. *Id.* at 1142.

 Because the Court made its finding based on the long-arm statute, not the statutes in question

here, the footnote discussing the statutes relevant to this case is clearly dicta.  The finding in

*Estate of Jones* is not helpful to the disposition of this case.  *Id.* at 1138 n.4.

---

[5]Neither party argued the significance of this case. In light of the statutory
interpretation that is requested of this Court, however, it is relevant for a clear understanding
of the issues.

[6]It is evident that the Court's footnote contained typos because the statutes referenced
do not exist and the quoted material is identical to that found in Mississippi Code Section 79-
4-3.02 (Rev. 2013).  Because there is no Mississippi Code Section 77-4-15.05, and there was
none at the time this Court wrote the opinion, it is reasonable to assume this Court was
referencing Section 79-4-15.05.

11

¶21. Further, in a recent persuasive opinion, the United States District Court for the Northern District of Mississippi was faced with an argument by the parties that relied on the footnote in *Estate of Jones* to support its position that "the Mississippi Supreme Court held that registering to do business with the Secretary of State constituted consent to personal jurisdiction within Mississippi." *Wise v. Wal-Mart Stores E., LP*, No. 4:18-CV-238-DMB-RP, 2019 WL 3769624, at *2 (N.D. Miss. 2019) (citing *Est. of Jones*, 992 So. 2d at 1138 n.4). The district court found that it "need not resolve the continued viability of the consent-by-registration doctrine because Mississippi law is clear that '[t]he appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity . . . .' Miss. Code Ann. § 79-35-15." *Id.* at *2 (alteration in original). This Court is similarly situated to the court in *Wise* and finds its application of Section 79-35-15 to these issues instructive. *Id.*

¶22. The trial court in this case, similar to the district court in *Wise*, relied on Mississippi Code Section 79-35-15 (Rev. 2013). The trial court here, however, used Section 79-35-15 to support the allowance of jurisdictional discovery as to the issue of general personal jurisdiction. Although Old Dominion cites to the district court's holding in *Wise*, neither party specifically argues the significance of Section 79-35-15 on appeal. *Wise*, 2019 WL 3769624, at *2.

¶23. Section 79-35-15 states that "[t]he appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the

represented entity in this state."[7]  Other jurisdictions have noted Mississippi's enactment of Section 79-35-15 because it closely resembles a similar section of the Model Registered Agents Act, which they found "prohibits registration based consent to general personal jurisdiction." *DeLeon*, 426 P.3d at 7 n.1; *Segregated Account of Ambac Assurance Corp.*, 898 N.W. 2d at 86 n.8, 87 (Bradley, J., dissenting); *Cepec*, 137 A.3d at 144 n.114; *see* Jeffrey Jackson, Mary Miller, Donald Campbell, et al., *Mississippi Practice Series: Encyclopedia of Mississippi Law* § 22:25 (3d ed.) Westlaw (database updated Oct. 2023) ("In 2012, Mississippi. . . adopted a version of the Model Registered Agents Act." (citations omitted)); Model Registered Agents Act § 15 (2011),

https://www.uniformlaws.org/committees/community-home/librarydocuments?attachments=&communitykey=285a1e7a-187e-4447-8e33-ffd5296826c4&defaultview=&libraryentry=6ec0b5a3-584b-4911-8f90-83fa63e6ede4&libraryfolderkey=&pageindex=0&pagesize=12&search=&sort=most_recent&viewtype=row (choose "Final Act"; then choose "MORAA_Final_2014-2015aug191.pdf").

¶24.    "[S]tatutory interpretation is appropriate when a statute is ambiguous or silent on a specific issue." *HWCC-Tunica, Inc. v. Miss. Dep't of Revenue*, 296 So. 3d 668, 673 (Miss. 2020) (internal quotation marks omitted) (quoting *Lewis v. Hinds Cnty. Cir. Ct.*, 158 So. 3d 1117, 1120 (Miss. 2015))  "The Court's goal is to give effect to the intent of the Legislature." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citing *City of Natchez*

---

[7]This statute is more commonly used in venue disputes as it goes further to state that "[t]he address of the agent does not determine venue in an action or proceeding involving the entity." § 79-35-15.

*v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992)). The Court's duty is "to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (internal quotation mark omitted) (quoting *Corp. Mgmt., Inc. v. Greene Cnty.*, 23 So. 3d 454, 465 (Miss. 2009)).

¶25.    Section 79-4-15.05(b) is ambiguous in its statement that foreign corporations are "subject to the same duties, restrictions, penalties and liabilities now or later imposed on, a domestic corporation of like character." Miss. Code Ann. § 79-4-15.05(b). Further, the statute is silent on the issue of personal jurisdiction. *Id.* The statute clearly attempts to balance the rights and obligations of foreign corporations registered to do business in Mississippi with those of a domestic corporation under Mississippi law. It does not state, however, that, by registering, the foreign corporation submits to general personal jurisdiction. Unlike the Missouri statute in *Pennsylvania Fire* or the Pennsylvania statute in *Mallory*, Section 79-4-15.05(b) does not explicitly tie business registration to a foreign corporation's submission to general jurisdiction. *Pa. Fire*, 243 U.S. at 95; *Mallory*, 600 U.S. at 134.

¶26.    Instead, Section 79-4-15.05(b) only states that it subjects the corporation to the same "duties, restrictions, penalties, and liabilities . . . [as] a domestic corporation"—terms that were not defined. It would stretch the words beyond their plain meanings to define "duties, restrictions, penalties, and liabilities" as general personal jurisdiction. General personal jurisdiction is the concept that the foreign corporation is essentially at home in Mississippi. *Daimler AG*, 571 U.S. at 138-39. This Court finds no basis to interpret this statute to confer general personal jurisdiction over foreign corporations.

14

¶27. When a statute is ambiguous, this Court may employ "the doctrine of in pari materia, which provides that if a statute is ambiguous, then this Court must resolve the ambiguity by applying the statute consistently with other statutes dealing with the same or similar subject matter." *State ex rel. Hood v. Madison Cnty.*, 873 So. 2d 85, 90 (Miss. 2004) (citing *James v. State*, 731 So. 2d 1135, 1138 (Miss. 1999)). Section 79-4-15.05(b), together with Section 79-35-15, conveys the legislature's intent to prevent consent jurisdiction by business registration. Section 79-4-15.05(b) is a general statement that a foreign corporation is subject to the same duties, penalties and liabilities as a domestic corporation. Section 79-35-15, however, specifically prohibits a finding of jurisdiction based on the very action that is required for a foreign corporation to obtain a business certificate—the appointment and maintenance of an agent for service of process. Miss. Code Ann. § 79-4-15.03(a) (citing Miss. Code Ann. § 79-35-5(a)). While the statute may be ambiguous, the legislature's intent is clear. Section 79-4-15.05(b) was not intended to confer general personal jurisdiction through the business registration statutes.

¶28. Further, this Court has not found any Mississippi case law that would have put Old Dominion on notice that, by registering in this state under our current statutes, it was subjecting itself to the jurisdiction of the courts for any and all matters. K&C Logistics, however, argues that this Court's prior ruling in *Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229 (Miss. 1988), says otherwise.

¶29. In *Read*, a resident of Holmes County filed suit in Holmes County against Sonat, a foreign corporation registered to do business in Mississippi, "for damages sustained by him

15

from an automobile collision in New Orleans, Louisiana, on March 11, 1985." *Id.* at 1229.

Sonat accepted service of process of Read's complaint through its registered agent in

Mississippi. *Id.* at 1230. This Court evaluated Mississippi Code Section 79-3-213 (repealed

1987), which provided:

> A foreign corporation which shall have received a certificate of authority under this chapter shall, until a certificate of revocation or of withdrawal shall have been issued as provided in this chapter, enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and, except as in this chapter otherwise provided, *shall be subject to the same duties, restrictions, penalties and liabilities* now or hereafter imposed upon a domestic corporation of like character.

*Read*, 515 So. 2d at 1230 (citing § 79-3-213 (emphasis added)). The Court also deemed

pertinent Mississippi Code Section 79-1-27 (repealed 1988), which stated:

> Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not.

*Read*, 515 So. 2d at 1230 (citing § 79-1-27). The Court found that it had personal

jurisdiction over Sonat and held that

> if a foreign corporation is qualified to do business in the State of Mississippi, even though it may not be doing any business, its agent for process may be served, and the courts have personal jurisdiction of that corporation. Actually doing business in the State of Mississippi has nothing to do with personal jurisdiction such as is involved in this case.

*Id.* at 1231.

¶30. Although Old Dominion does not address this Court's holding in *Read*, it does argue

that it is significant that the legislature repealed Mississippi Code Section 79-1-27 and has

not replaced it with anything comparable. K&C Logistics argues that the Court in *Read* relied on Section 79-3-213, which is almost identical to the statutory language found today in Section 79-4-15.05(b). *Read*, 515 So. 2d at 1230.

¶31.    *Read* is not dispositive. First, the *Read* decision was handed down November 25, 1987, and the entire business registration chapter discussed in *Read* was repealed effective January 1, 1988. The Mississippi Business Corporation Act, Mississippi Code Sections 79-4-1.01 through 17.05 (enacted 1987) became effective January 1, 1988, and replaced the prior business registration scheme. Further, Old Dominion is correct that Mississippi Code Section 79-1-27, a statute that has no current counterpart, was deemed a pertinent statute by the court in the *Read* analysis and was repealed effective January 1, 1988.[8] *Read*, 515 So. 2d at 1231. Finally, any argument that *Read* is controlling was put to rest by the 2013 enactment of Section 79-35-15, which prohibits a finding of personal jurisdiction merely because of the appointment and maintenance of a registered agent. For these reasons, *Read* is inapplicable to the present case.

¶32.    K&C Logistics also argues the Court of Appeals case of *Nungesser Industries LLC v. City of Jackson*, 363 So. 3d 936, 938 (Miss. Ct. App. 2019). In *Nungesser*, the Court of Appeals stated that it could "envision reasons why a foreign entity would choose not to register in Mississippi and subject itself to the jurisdiction and laws of Mississippi courts. *See* Miss. Code Ann. § 79-4-15.05 (Rev. 2013) . . . ." *Id.* at 940.

¶33.    Old Dominion argues, and K&C Logistics concedes, that this statement is arguably

---

[8]Old Dominion registered to do business in this state in 1988.

17

dicta, as it was not dispositive to the issue on appeal in that case. *Id.* Old Dominion further argues that the court was addressing subject matter jurisdiction, not personal jurisdiction. *Id.* at 942 ("Finding no error in the circuit court's holding that Nungesser-Louisiana LLC and Nungesser-Mississippi LLC were separate legal entities and that Nungesser-Mississippi LLC lacked standing to bring suit, we affirm the court's dismissal for lack of subject-matter jurisdiction.").

¶34.    We agree that the Court of Appeals' statement on Section 79-4-15.05(b) in *Nungesser* was ambiguous and, more importantly, dicta. Further, it is not supported by our statutory interpretation of Section 79-4-15.05(b). Accordingly, this Court declines to follow the Court of Appeals' statement from *Nungesser*.

¶35.    K&C Logistics further points this Court to a recent opinion by the Georgia Supreme Court to support its argument that there is personal jurisdiction over Old Dominion. *Cooper Tire & Rubber Co. v. McCall*, 863 S.E.2d 81, 83 (Ga. 2021). Georgia's business registration statute at issue provided that

> A foreign corporation with a valid certificate of authority has the same but no greater rights under this chapter and has the same but no greater privileges under this chapter as, and except as otherwise provided by this chapter is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character.

*Id.* at 430 n.2 (quoting Ga. Code Ann. § 14-2-1505(b)). The Georgia Supreme Court, prior to its decision in *Cooper Tire*, had found that it was "consistent with the statutory effect of a certificate of authority, as set forth in OCGA § 14-2-1505" to find that "a foreign corporation may sue or be sued to the same extent as a domestic corporation." *Allstate Ins.*

18

*Co. v. Klein*, 422 S.E. 2d 863, 865 n.2 (Ga. 1992)) (citing Ga. Code Ann. § 14-2-1505).

¶36.   In *Cooper Tire*, the court affirmed its prior finding in *Allstate Insurance Co. v. Klein* and stated that, although its business corporation code did not expressly provide for consent jurisdiction, the court had previously decided that Georgia courts could "exercise general personal jurisdiction over any out-of-state corporation that is 'authorized to do or transact business in this state at the time a claim or cause of action arises.'" *Cooper Tire*, 863 S.E.2d at 83 (citing *Klein*, 422 S.E.2d at 865).

¶37.   Old Dominion argues that, just as the Georgia court found the language of the statute in *Cooper Tire* not to explicitly confer personal jurisdiction, this Court should likewise find that Section 79-4-15.05(b) does not explicitly provide for personal jurisdiction.   Old Dominion is correct that the statutory language before this Court in Section 79-4-15.05(b) is similar to that of the Georgia business statute, and neither explicitly addresses the issue of personal jurisdiction.   *Id.* at 83; *compare* Ga. Code Ann. § 14-2-1505(b), *with* Miss. Code Ann. § 79-4-15.05(b).

¶38.   Old Dominion also argues that, unlike *Cooper Tire*, the business registration statutes at issue have not been interpreted by this Court to constitute a waiver to personal jurisdiction. *Cooper Tire*, 863 S.E.2d at 83 (citing *Klein*, 422 S.E.2d at 865).  Accordingly, Old Dominion argues that K&C Logistics' reliance on *Cooper Tire* is misplaced because K&C Logistics has represented to this Court that our statutory interpretation is an issue of first impression. This Court finds that Old Dominion's argument is correct.  Unlike the Georgia court, this Court has not previously interpreted the registration statutes in such a way that Old Dominion

19

would have been aware that it had consented to personal jurisdiction. The Georgia court also did not have statutory language similar to Section 79-35-15 to consider.

¶39.    Whether consent jurisdiction is created by registration depends entirely on whether it is provided for by state law.  *See Mallory*, 600 U.S. at 134-35 (relying on Pennsylvania statutes to support consent jurisdiction); *Pa. Fire*, 243 U.S. at 95 (relying on Missouri law to support a finding of consent to jurisdiction).  Whereas the court in *Cooper Tire* relied on its prior ruling in *Klein* to support its holding, this Court does not have prior case law adopting consent by registration to provide a basis for such a holding.  *Cooper Tire*, 863 S.E.2d at 83 (citing *Klein*, 422 S.E.2d at 865).  Even the court in *Cooper Tire* noted that the other states that have prohibited consent jurisdiction by business registration "did not have a corporate domestication or registration statute, or any authoritative case law interpreting such a statute, that provided notice to out-of-state corporations that they consented to general jurisdiction in the state by domesticating or registering to do business there." *Id.* at 89 (citing *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 137 (4th Cir. 2020) (According to *Pennsylvania Fire*, consent to jurisdiction in the state must be explicit in the statute or case law of the state. South Carolina law, which had neither, did not provide for consent jurisdiction.); *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1321 (11th Cir. 2018) (Florida law neither "expressly or by local construction" provides for consent to general jurisdiction by registering to do business.); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., LLC*, 717 Fed. App'x 394, 397 (5th Cir. 2017) ("This case lacks what *Pennsylvania Fire* had: a clear statement from the state court construing the statute to require consent."); *DeLeon*, 426

P.3d at 6-9 (finding that Montana statutes expressly prohibit consent jurisdiction because "appointment of a registered agent 'does *not by itself* create the basis for personal jurisdiction[,']" and nothing else would put a corporation on notice that it had consented (citing Mont. Code Ann. § 35-7-115)). This Court finds that there is no state law that provides that Old Dominion either expressly or impliedly consented to general jurisdiction when it registered to do business.

¶40.  K&C Logistics argues that Old Dominion's arguments "implode under its own weight" because if Old Dominion is insulated from the Mississippi long-arm statute and it is not treated as a domestic corporation under Section 79-4-15.05(b), then Old Dominion has avoided personal jurisdiction in Mississippi. K&C Logistics' argument follows the logic given by the Georgia court in *Cooper Tire*, which noted that its long-arm statute did not apply to foreign corporations registered to do business in the state, so without the court's prior holding in *Klein*, "a jurisdictional gap would have emerged whereby a registered out-of-state corporation would apparently not have been subject to any jurisdiction in Georgia—specific or general." *Cooper Tire*, 863 S.E.2d at 91 (emphasis omitted) (citing *Klein*, 422 S.E.2d at 865).

¶41.  K&C Logistics is correct that the Mississippi long-arm statute does not apply to Old Dominion, and we find that our business registration statutes do not provide for consent jurisdiction.  Neither party has submitted, and this Court has been unable to find, a case or statute that would support a finding of general or specific personal jurisdiction under any other state law to address this scenario, and we have not been tasked to do so.  "The duty of

21

this Court is to interpret the statutes as written. It is not the duty of this Court to add language where we see fit." ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1276 (Miss. 2006) (internal quotation mark omitted) (quoting ***Stockstill v. State***, 854 So. 2d 1017, 1022-23 (Miss. 2003)). Any gap in the jurisdiction of the courts was created by the statutes enacted by the legislature, and as it makes clear, it is the legislature's prerogative to amend them. Miss. Code Ann. § 79-4-1.02 (Rev. 2013) ("The Mississippi Legislature has power to amend or repeal all or part of the [Business Corporation Act,] Sections 79-4-1.01 et. seq. at any time[.]"). It is not this Court's job to decide what a statute should provide or to broaden a legislative act. ***Lawson***, 75 So. 3d at 1027 (citing ***Russell v. State***, 231 Miss. 176, 94 So. 2d 916, 917 (1957); ***Barbour v. State***, 974 So. 2d 232, 240 (Miss. 2008)).

¶42. Neither the relevant Mississippi statutes nor Mississippi case law provide that by registering to do business in this state, Old Dominion consented to general personal jurisdiction.

> **II. Whether Old Dominion made a general appearance, which waived personal jurisdiction.**

¶43. K&C Logistics argues that Old Dominion failed to timely raise its objection to personal jurisdiction and has waived this defense because it made a general appearance without any exception or reservation. K&C Logistics contends that Old Dominion's attorneys' notices of appearance filed on May 7 and May 11, 2021, were general appearances and did not raise the issue of personal jurisdiction. K&C Logistics argues that the filed notices of appearances state that Old Dominion was giving "notice of their intent to defend in the above-styled cause." K&C Logistics further argues that it was not until fifty days after

22

filing the notices of appearances that Old Dominion asserted lack of personal jurisdiction in a motion filed on July 18, 2021.

¶44.    K&C Logistics relies on an overruled portion of *Hurst v. Southwest Mississippi Legal Services Corp.* that was quoted in this Court's opinion in *Rains v. Gardner* that states

> Mississippi does not recognize "special appearances" except where a party appears solely to object to the court's jurisdiction over his person on grounds that he is not amenable to process. *Mladinich v. Kohn*, 250 Miss. 138, 156, 164 So. 2d 785, 791 (1964). Burnett's appearance does not fit that category. The trial court, therefore, properly deemed her to have appeared generally for all purposes.

*Rains v. Gardner*, 731 So. 2d 1192, 1196 (Miss. 1999) (emphasis omitted) (quoting *Hurst v. Sw. Miss. Legal Servs. Corp.*, 610 So. 2d 374, 387 (Miss. 1992), *overruled by Rains*, 731 So. 2d at 1196). K&C Logistics argues that, based on the above quote, which this Court has overruled, the notices of appearance filed by Old Dominion's attorneys waived the defense of personal jurisdiction because they were not special appearances.

¶45.    Old Dominion argues that based on a persuasive case from the Court of Appeals, "[a] voluntary entry of appearance by a defendant no longer serves as a waiver of that defendant's right to subsequently contest the court's *in personam* jurisdiction arising from an alleged defect in the manner in which the defendant was served with process." *Schustz v. Buccaneer, Inc.*, 850 So. 2d 209, 213 (Miss. 2003) (citing *Rains*, 731 So. 2d at 1194-97).

¶46.    This Court has done away with the idea that a party must appear specially to contest the court's jurisdiction. *See Rains*, 731 So. 2d 1197; M.R.C.P. 12(h); Jackson, Miller, Campbell, et al., supra, § 13:303 ("A party need not appear specially for only the purpose of contesting jurisdiction"). "Unfortunately, the language of the special appearance persists in

23

state court opinions even though the special appearance procedure does not." Jeffrey Jackson, Donald Campbell, et al., *Mississippi Practice Series: Mississippi Civil Procedure* § 2:34, Westlaw (database updated May 2023). We clear this unfortunate occurrence up now. Mississippi Rule of Civil Procedure 12(h) provides that

> A defense of *lack of jurisdiction over the person*, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is *neither made by a motion* under this rule nor *included in a responsive pleading* or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

M.R.C.P. 12(h)(1) (emphasis added). The notices of appearance filed by the Old Dominion attorneys were not responsive pleadings that would possibly waive Old Dominion's defense to personal jurisdiction.

¶47. Old Dominion complied with the requirements of Rule 12(h) when it asserted in its timely filed answer on May 19, 2021, that the court lacked personal jurisdiction. This Court finds that this issue is without merit.

## CONCLUSION

¶48. The trial court correctly found that it did not have personal jurisdiction in this case. The judgment of the trial court is affirmed.

¶49. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**